**S. FREEDMAN AND COMPANY, INC., Appellant**

v.

**Marvin RAAB; Raab Enterprises, Inc., formerly known as Philadelphia Foods, Inc.**

v.

**Susan Freedman.**

No. 08–4835.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 18, 2009.

Opinion Filed: Nov. 23, 2009.

Carmen M. Finegan, Esq., Mark S. Halpern, Esq., Halpern & Levy, Drexel Hill, PA, Mark S. Haltzman, Esq., Lamm Rubenstone, Trevose, PA, for Plaintiff–Appellant.

Albert M. Belmont, III, Esq., Jeffrey A. Cohen, Esq., Flaster Greenberg, Cherry Hill, NJ, for Defendants–Appellees.

Before: RENDELL, BARRY and CHAGARES, Circuit Judges.

OPINION

BARRY, Circuit Judge.

S. Freedman & Co., Inc. ("Freedco") appeals from the June 18, 2007, 2007 WL

1791641, order of the District Court granting summary judgment to Marvin Raab and Raab Enterprises (formerly known as Philadelphia Foods, Inc.) (collectively "Raab"). For the reasons that follow, we will reverse.

## I.

Because we write solely for the parties' benefit, we set forth only the facts necessary to our analysis.

In March 2004, Freedco filed a complaint in federal court against Raab alleging causes of action sounding in contract. Raab answered and asserted contract and tort counterclaims against Freedco and third-party claims against Susan Freedman. In November 2004, the District Court noted that Freedco's complaint failed to properly allege diversity jurisdiction. Specifically, although the complaint alleged where the corporate entities maintained *a* principal place of business, it "fail[ed] to allege *the* principle [sic] place of business" of the corporate entities. (App.68.) The Court provided Freedco with seven days to cure the jurisdictional defect, but when Freedco failed to do so, the Court dismissed the complaint on December 10, 2004.[1]

We reviewed that order and affirmed. In so doing, we exercised appellate jurisdiction under 28 U.S.C. § 1291.

Thereafter, Freedco filed a complaint in the Superior Court of New Jersey against Raab alleging the same causes of action. Raab removed the matter to federal court conceding diversity jurisdiction because Freedco pled that Freedco maintained "its" principal place of business in Pennsylvania and that Raab maintained "its" principal place of business in New Jersey. Raab answered and, again, asserted substantially identical counterclaims and third-party claims. Raab then moved for summary judgment, and the District Court granted the motion on June 18, 2007.

In granting summary judgment, the District Court noted that the order of December 10—the first dismissal—dismissed the case without prejudice but concluded that our adjudication of the appeal necessarily transformed that order into one with prejudice. The District Court then stated: "While [the first dismissal] did not technically address the merits of [Freedco's] claims, the Third Circuit's implicit finding that the dismissal is with prejudice leads to the conclusion that this Court's prior dismissal is nonetheless to be treated as having been based on the prior action's substantive merits." (App.322.) The District Court also dismissed without prejudice Raab's counterclaims and cross claims.

Freedco attempted to appeal the District Court's order of June 18. After that notice of appeal was filed, Raab reinstated its counterclaims and third-party claims in federal court. We, therefore, dismissed the appeal for lack of appellate jurisdiction because the June 18 order "contemplated the possibility of future proceedings, which have in fact commenced" (i.e., Raab's reinstated counterclaims and third-party claims). (App.329.)

On October 17, 2008, 2008 WL 4534069, Raab voluntarily dismissed without prejudice its counterclaims and third-party claims pursuant to Federal Rule of Civil Procedure 41(a)(1) & (c). A status conference was called for by the District Court and was held on October 30, 2008. As a result of that conference, the Court determined that nothing remained for decision and, on November 14, 2008, entered the

---

1. Following some procedural events not germane to this appeal, the District Court ultimately denied Freedco's motion for reconsideration.

final order in this case. Freedco timely appealed.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

This appeal raises the following question: whether our exercise of appellate jurisdiction pursuant to 28 U.S.C. § 1291 over a jurisdictional dismissal of a case without prejudice converts the dismissal to one on the merits, thereby permitting application of *res judicata*. Neither the District Court nor Raab has cited any case that even suggests that the answer to this question of law is "Yes." Our review is plenary. *See Turner v. Schering–Plough Corp.*, 901 F.2d 335, 340 (3d Cir.1990).

"*Res judicata* requires a showing that there has been (1) a final judgment *on the merits* in a prior suit involving (2) the same claim and (3) the same parties or their privies." *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 173 (3d Cir. 2009) (emphasis added) (quotation omitted). Thus, a final judgment on the merits is a necessary prerequisite to application of the doctrine.

It is well established that where a federal court dismisses a matter for lack of subject matter jurisdiction, "it cannot decide the case on its merits. It has no authority to do so." *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir.1997). Therefore, the first dismissal did not address the merits of this dispute, and the fact that we affirmed that dismissal did not convert the dismissal into something it was not.

Raab also contends that Federal Rule of Civil Procedure 41(b) mandates that the dismissal in the First Litigation be treated as one "upon the merits." That reading is misguided. Federal Rule of Civil Procedure 41(b) provides that unless a court states otherwise, "a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for *lack of jurisdiction*, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."[3] (emphasis added). The foregoing italicized language expressly exempts dismissals for lack of jurisdiction from Rule 41(b)'s purview, and that rule has no application here.

Therefore, because the merits of this matter were never addressed by the District Court prior to—or in—the first dismissal, the preclusive effects of *res judicata* did not and, indeed, cannot attach to this dispute.

Our refusal to apply *res judicata* here comports with *Compagnie Des Bauxites De Guinee v. L'Union Atlantique S.A. D'Assurances*, 723 F.2d 357 (3d Cir.1983). There, Compagnie des Bauxites de Guinee ("CBG") filed a lawsuit in the district court against, among others, various foreign excess insurers. Although the district court found that it had personal jurisdiction over the excess insurers, we, on interlocutory appeal, disagreed and dismissed the excess insurers from the case. Thereafter, CBG filed a new action against the excess insurers "based on the same facts and alleging the same cause of action" as in the prior lawsuit. *Id.* at 360. The district court dismissed the action on *res judicata*

---

**2.** Until such time as the status conference took place, it was unclear to the parties and, likely, to the Court whether any matters remained for disposition. The Court marked the case closed following the conference, and notice of appeal was timely filed thereafter.

**3.** The quoted excerpt is from the version of Rule 41(b) in effect at the time of the June 18 order. The quoted language has since been amended, but the substance remains unchanged.

grounds, finding that CBG could not relitigate the jurisdictional issue. We disagreed, finding that *res judicata* did not prevent the suit from being brought because the first dismissal was "not a judgment on the merits." *Id.*

Although *Compagnie Des Bauxites De Guinee* involved interlocutory review of a district court's initial order with respect to personal jurisdiction, those distinctions are of no moment. *Compagnie,* an older case, to be sure, demonstrates that a jurisdictional dismissal—a dismissal *not* on the merits—may not serve as a *res judicata* bar to future litigation.

## III.

For the reasons stated above, we will reverse the order of the District Court.